Entered on Docket
January 19, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSEPH T. BENCHARSKY,  No. 09-10650

                Debtor(s).
_____/

JOSEPH T. BENCHARSKY,

                Plaintiff(s),

        v.  A.P. No. 09-1145

COTTMAN TRANSMISSION SYSTEMS, LLC, et al.,

                Defendant(s).
_____/

Memorandum on Motion to Compel Arbitration
_____

    Plaintiff Joseph T. Bencharsky is a Chapter 13 debtor. He has commenced this adversary proceeding to object to the $1 million proof of claim filed by defendant Cottman Transmission arising out of the debtor's alleged breach of a licensing agreement and to counterclaim for damages. Cottman has moved the court to compel arbitration pursuant to the terms of the licensing agreement.[1]

    Were it not for Cottman's proof of claim, the court might well grant Cottman's request. The

---

[1] When an objection to a claim is coupled with a demand for affirmative relief, it is heard as an adversary proceeding pursuant to Rules 3007(b) and 7001(1) of the Federal Rules of Bankruptcy Procedure. Pursuant to 28 U.S.C. § 157(b)(2)(B) and (C), this is a core proceeding.

1

court very rarely hears claims by Chapter 13 debtors against nondebtors, as a Chapter 13 debtor has a right to dismiss the case and most Chapter 13 cases are dismissed prior to completion of a plan. However, the proof of claim changes everything. Bencharsky's proposed plan has a duration of 36 months. Until the claim is adjudicated, there can be no distributions to the creditors in this case. The court simply cannot wait for some other tribunal to hear the matter, even if the court were sure that the tribunal was fully aware that Bencharsky is a Chapter 13 debtor and the larger Cottman's claim is the less other creditors receive.

This court can resolve this adversary proceeding far more quickly and economically for all the parties than an arbitration panel. Given the proof of claim, arbitration would seriously jeopardize important objectives of the Bankruptcy Code. Accordingly, the motion to compel arbitration will be denied, without prejudice to reconsideration if Cottman expresses a willingness to withdraw its claims in both cases[2] as may be permitted by Rule 3006 of the Federal Rules of Bankruptcy Procedure. Counsel for Bencharsky shall submit an appropriate form of order.

Dated: January 19, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] An essentially identical adversary proceeding has been filed by the trustee in a Chapter 7 case filed by Bencharsky's corporation. If only the claim in this Chapter 13 case is withdrawn, the court would probably still keep this adversary proceeding to avoid forcing the parties to litigate in two separate forums. However, if the claims were withdrawn in both cases then it would seem that the court could honor the parties' agreement to arbitrate without jeopardizing an important objective of the Bankruptcy Code. The court will accordingly reconsider this ruling and its ruling in the other adversary proceeding, but only if Cottman expresses a willingness to withdraw its claims in both cases in return for being allowed to arbitrate.